# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**106**

**KAH 11-00078**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
SCOTT MORSE, PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

JAMES L. BERBARY, SUPERINTENDENT, COLLINS
CORRECTIONAL FACILITY, RESPONDENT-RESPONDENT.

---

CHARLES J. GREENBERG, BUFFALO, FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARLENE O. TUCZINSKI OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (M. William Boller, A.J.), entered November 16, 2010 in a habeas corpus proceeding. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus, alleging that his detention was illegal and that he is entitled to immediate release from detention because he did not receive due process when in 1998 he was assessed a level two sex offender under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). According to petitioner, his initial risk assessment was improper. Thus, he contends that he should not have been required to comply with SORA's registration requirements and that the charges stemming from his failure to do so, along with the bail jumping charge "would never have existed." Supreme Court properly dismissed the petition. Habeas corpus relief is unavailable here inasmuch as petitioner could have raised the instant issue on direct appeal or by way of a motion under CPL article 440 (*see People ex rel. Robinson v Graham*, 68 AD3d 1706, *lv denied* 14 NY3d 706). Moreover, petitioner would not be entitled to immediate release from detention even if he were to prevail with respect to SORA because the crime of bail jumping is unrelated to SORA (*see generally People ex rel. Douglas v Vincent*, 50 NY2d 901, 903). Finally, we conclude that petitioner was not a member of the class of plaintiffs covered by the stipulation in *Doe v Pataki* (427 F Supp 2d 398, 402-403, *vacated* 481 F3d 69) who were entitled to a redetermination of their risk

assessment level.

Entered:  February 10, 2012

Frances E. Cafarell
Clerk of the Court